UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MEMPHIS PUBLISHING COMPANY *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 1:10cv01878<br>)<br>) |
| FEDERAL BUREAU OF INVESTIGATION, | )<br>)<br>) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**

Defendant, the Federal Bureau of Investigation ("FBI"), hereby moves for an extension of time to respond to Plaintiffs' Motion for Summary Judgment and to process and release non-exempt documents. This request represents Defendant's first request for an extension of time.

On November 3, 2010, Plaintiffs filed this lawsuit challenging the FBI's resolution of Mark Perrusquia's request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for documents pertaining to Ernest C. Withers. (*See* Docket No. 1.) On December 6, 2010, Defendant answered the Complaint. (*See* Docket No. 7.) On January 26, 2011, Plaintiffs filed a motion for summary judgment, prior to any conference between the parties regarding scheduling, and prior to the submission of agency declarations. (*See* Docket Nos. 9, 10.) Defendant's response to that motion is currently due on February 14, 2011. Local Civ. R. 7(b); Fed. R. Civ. P. 6(d).

The FBI has recently identified an additional set of documents, amounting to approximately 1,536 pages and 12 audio tapes, that are likely responsive to Mr. Perrusquia's FOIA request and that must be processed and released to Plaintiffs prior to moving forward with

summary judgment briefing.  Decl. of David M. Hardy ("Hardy Decl."), ¶ 6.  As explained in the attached declaration, the FBI's initial search for responsive documents involved a search for main investigatory files related to Mr. Withers.  *Id.* ¶ 5.  The main file documents responsive to Plaintiffs' FOIA request were released to Mr. Perrusquia on March 12, 2009, and March 8, 2010.  *Id.*  The FBI later conducted a search to determine if there were any additional main file records responsive to Mr. Perrusquia's request as well as to identify any potentially responsive "cross-reference" documents.  *Id.* ¶ 6.  A "cross-reference" is generally a mere mention or reference to an individual, organization, or other subject matter, contained in a document located in another main file on a different subject matter or individual.  *Id.*  In conducting this search, the FBI identified a total of approximately 1,536 pages and 12 audio tape recordings in which Mr. Withers is indexed as a cross-reference.  *Id.*

Upon identifying these additional documents, the FBI immediately began processing them.  *See id.* ¶ 8.  The FBI estimates that it will require approximately 60 additional days to finish processing those documents, a procedure that includes conducting a review for any classified material, conducting a review for any applicable FOIA exemptions, referring documents to other government agencies, if necessary, and coordinating final review with the originating office or division.  *Id.* ¶¶ 7-8.  Under normal circumstances, the FBI is able to process requests at a rate of 500 pages per month.  *Id.* ¶ 8.  However, in a good-faith effort to process as quickly as possible the documents to be included in this production to Plaintiffs, the FBI is committed to processing 800 pages per month.  The processing rate of 800 pages per month is based partially on the type of documents sought in this case.  Each FOIA request is different, as each involves different types of documents that require different processing times, owing to the sensitivity of the records and other factors.  Even though the FBI is committed to processing

these documents on an accelerated schedule, processing these documents will still require the necessary review from and coordination with all appropriate offices and divisions.

After the documents are processed, the FBI must prepare a *Vaughn* index of all responsive information that has been withheld.  The time required to prepare a *Vaughn* index will depend partially on the amount of material that is redacted and otherwise withheld and also on whether the parties can reach an agreement pursuant to which Defendant would provide a *Vaughn* index for a sample of documents of Plaintiffs' choosing.  *Id.* ¶ 12.  The FBI estimates that it will require an additional 90 days to prepare a complete *Vaughn* index of any withheld information.  *Id.*

The processing and indexing rates set forth above are also based on the workload of the FBI in processing other FOIA requests.  The FBI receives approximately 16,000 FOIA requests every year.  *Id.* ¶ 11.  It released 2.2 million pages of material in fiscal year 2010, and there are currently 1.97 million pages awaiting review in the queues.  *Id.*  The FBI is also currently working under six court-ordered or agreed-upon production schedules.  *See Kisseloff v. FBI, et al.*, No. 09-cv-391 (D.D.C.); *Electronic Frontier Found. v. DOJ, et al.*, No. 10-cv-04892 (N.D. Cal.); *Judicial Watch v. FBI*, No. 1:10-cv-00593 (D.D.C.); *Judicial Watch v. FBI*, 1:10-cv-01568 (D.D.C.); *Secure Communities/National Day Laborer Organizing Network v. ICE, et al.*, No. 10-cv-3488 (S.D.N.Y.); *Boehm v. FBI*, No. 1:09-cv-2173 (D.D.C).  In addition, the FBI continues to work on rolling productions of more than 27 FOIA requests, consisting of over 8,000 pages in size each.  Hardy Decl., ¶ 11.

In sum, the FBI estimates that it will require approximately 150 days (or 5 months) before it will be in a position to proceed with summary judgment briefing.  Defense counsel has conferred with Plaintiffs' counsel in an effort to reach an agreement as to a schedule for the

release of the documents and for subsequent briefing. In particular, Defendant offered to stipulate that it would process and release the documents within 60 days and further suggested that the parties agree to confer at that time as to a schedule for production of the *Vaughn* index and for summary judgment briefing. Plaintiffs opposed that request, instead agreeing only to a 24-day extension of Defendant's deadline to respond to their motion for summary judgment, or until March 10, 2011. Plaintiffs identified no particular urgency justifying their unwillingness to consider the additional time the FBI requires, instead referring only to the general public interest in Mr. Withers. Plaintiffs also objected to Defendant's request on the basis that Mr. Perrusquia's original FOIA request was filed a length of time ago and that the Department of Justice resolved Mr. Perrusquia's most recent administrative appeal in favor of the FBI.

Defendant recognizes that Mr. Perrusquia's FOIA request was filed some time ago, that documents were released to him, and that his most recent appeal of that release was denied. It is for this reason that Defendant has prioritized the processing of these additional documents and has not simply placed the documents in its FOIA queue and requested an indefinite stay of the litigation. *See id.* ¶ 8. That said, however, it is simply not possible to process and index the documents within the time Plaintiffs have demanded. Indeed, Plaintiffs have requested an extension of time of their own that would afford them 32 days to review the released documents and prepare a reply brief. Certainly if Plaintiffs require 32 days simply to review the documents and prepare a reply brief, the FBI should be afforded a substantially lengthier period of time to review the documents, redact and withhold any information subject to an exemption, index any withheld information, and prepare an opposition brief. The FBI should be granted the length of time it has represented in good faith that it will require to process and index these documents. It

4

is simply not productive to move forward with summary judgment briefing until the universe of documents at issue has been identified and released.

Extensions of time that are requested prior to the expiration of the original deadline may be granted for good cause shown. Fed. R. Civ. P. 6(b)(1). Based on the foregoing, Defendant respectfully requests an extension of time until July 15, 2011, in which to process and release the documents, prepare a *Vaughn* index, and file its opposition to Plaintiffs' motion for summary judgment and its own cross-motion for summary judgment. Plaintiffs have requested 32 days in which to respond to Defendant's opposition and cross-motion, and Defendant does not oppose that request. With the Court's approval, then, Plaintiffs would have until August 16, 2011, to file their opposition and reply brief. Defendant requests 14 days, or until August 30, 2011, to file its reply brief. A proposed order is submitted herewith.

                                                Respectfully submitted,

                                                TONY WEST
                                                Assistant Attorney General

                                                ELIZABETH J. SHAPIRO
                                                Deputy Director
                                                Federal Programs Branch

                                                s/ Wendy M. Doty
                                                WENDY M. DOTY
                                                DC Bar No. 490228
                                                Trial Attorney
                                                Federal Programs Branch
                                                U.S. Department of Justice, Civil Division
                                                20 Massachusetts Avenue NW, Room 7218
                                                Washington, DC  20530
                                                Telephone:  (202) 616-7420
                                                Fax:  (202) 616-8470
                                                Email:  wendy.ertmer@usdoj.gov

                                                *Counsel for Defendant the Federal Bureau of*
Dated:  February 8, 2011                        *Investigation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2011, a copy of the foregoing document and all attachments were filed electronically via the Court's ECF system, through which a notice of the filing will be sent to all counsel of record.

s/ Wendy M. Doty  
WENDY M. DOTY
