**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MEMPHIS PUBLISHING COMPANY | ) | |
| *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 1:10cv01878 (ABJ) |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF | ) | |
| INVESTIGATION, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR RECONSIDERATION**
**ON THE BASIS OF *EX PARTE*, *IN CAMERA* DECLARATION**

Defendant Federal Bureau of Investigation ("FBI") hereby respectfully moves, pursuant

to Federal Rules of Civil Procedure 54(b), 59(e), and 60(b), for reconsideration of the Court's

January 31, 2012 decision and order granting Plaintiffs' motion to compel the production of a

*Vaughn* Index.  In support of this motion, Defendant states as follows.  Following oral argument

on Plaintiffs' motion to compel and Defendant's motion for summary judgment, the FBI

submitted a memorandum in which it offered to "provide the Court an *ex parte, in camera*

submission detailing the circumstances of the previous disclosure."  (ECF Document 28 at 4

n.3).  The Court did not request such a submission before issuing its decision on January 31,

2012.  Although the Court based its decision in large part on its conclusion that the FBI's claim

of inadvertence was unfounded, it did so without the benefit of the information the FBI sought to

provide to the Court regarding the circumstances of the previous releases of information to

Plaintiffs.  Accordingly, the FBI is submitting to the Court's chambers an *ex parte, in camera*

declaration and respectfully asks the Court to reconsider its decision in light of this information.

Rule 54(b) provides in relevant part that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). This rule permits a district court to "revise its own interlocutory decisions at any time before the entry of judgment . . . ." *Electronic Privacy Info. Center v. Dep't of Homeland Security*, __ F. Supp. 2d __, No. 09-2084, 2011 WL 4014308, at *3 (D.D.C. Sept. 12, 2011). Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 60(b) provides in relevant part that "the court may relieve a party or its legal representative from a final judgment, order, or proceedings" based on, among other things, "mistake, inadvertence, surprise, or excusable neglect, . . . or any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Rule 60(b) "was intended to preserve the 'delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts.'" *Norris v. Salazar*, No. 09-01042, 2011 WL 4926096, at *3 (D.D.C. Oct. 18, 2011) (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)).

As numerous courts in this district have explained, the standard for the court's review of an interlocutory decision differs from the standards applied in reviewing final judgments under Federal Rules of Civil Procedure 59(e) and 60(b). *Compare Muwekma Tribe v. Babbitt*, 133 F. Supp. 2d 42, 48 n.6 (D.D.C. 2001) (noting that "motions for [relief upon] reconsideration of interlocutory orders, in contrast to motions for [relief upon] reconsideration of final orders, are within the sound discretion of the trial court") *and United Mine Workers v. Pittston Co.*, 793 F. Supp. 339, 345 (D.D.C. 1992) (discussing the standard applicable to motions to grant relief upon

reconsideration of an interlocutory order) *with LaRouche v. Dep't of Treasury*, 112 F. Supp. 2d

48, 51-52 (D.D.C. 2000) (analyzing the defendant's motion for relief from judgment under Rule

60(b)) *and Harvey v. District of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996) (ruling on the

plaintiff's motion to alter or amend judgment pursuant to Rule 59(e)).  A motion pursuant to

Rule 59(e), to alter or amend a judgment after its entry, is not routinely granted.  *Harvey*, 949 F.

Supp. at 879.  The primary reasons for altering or amending a judgment pursuant to Rule 59(e)

or Rule 60(b) are an intervening change of controlling law, the availability of new evidence, or

the need to correct a clear error or prevent manifest injustice.  *Id.*; *Firestone v. Firestone*, 76 F.3d

1205, 1208 (D.C. Cir. 1996) (per curiam); Fed. R. Civ. P. 60(b); *LaRouche*, 112 F. Supp. 2d at

51-52.

   "By contrast, relief upon reconsideration of an interlocutory decision pursuant to Rule

54(b) is available 'as justice requires.'"  *Electronic Privacy Info. Center*, 2011 WL 4014308, at

*4 (quoting *Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 1990)).  "As justice requires"

indicates concrete considerations of whether the court "has patently misunderstood a party, has

made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an

error not of reasoning, but of apprehension, or where a controlling or significant change in the

law or facts [has occurred] since the submission of the issue to the court."  *Cobell v. Norton*, 224

F.R.D.  266, 272 (D.D.C. 2004) (internal citation omitted).  These considerations leave a great

deal of room for the court's discretion and, accordingly, the "as justice requires" standard

amounts to determining "whether [relief upon] reconsideration is necessary under the relevant

circumstances."  *Id.*  Nonetheless, the court's discretion under Rule 54(b) is limited by the law of

the case doctrine and "subject to the caveat that, where litigants have once battled for the court's

decision, they should neither be required, nor without good reason permitted, to battle for it

again." *Electronic Privacy Info. Center*, 2011 WL 4014308, at *4 (internal citations omitted).

Under any of these standards, reconsideration is warranted here in order to supplement

the information and address the assumptions on which the Court based its decision.  The FBI

therefore respectfully asks the Court to accept the declaration submitted *ex parte* and *in camera*

with this filing.  Because the declaration states whether or not Ernest Withers served as a

confidential informant for the FBI, it contains sensitive law enforcement information and is

properly considered on an *ex parte*, *in camera* basis.  *See Lykins v. U.S. Dep't of Justice*, 725

F.2d 1455, 1463-64 (D.C. Cir. 1984) (FBI may submit *in camera* materials that could reveal the

identity of a confidential source).  The FBI also respectfully asks the Court to vacate and revise

its decision in light of the FBI's submission.[1]

Respectfully submitted,

TONY WEST
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

s/ Lesley R. Farby
WENDY M. DOTY, DC Bar No. 490228
LESLEY R. FARBY, DC Bar No. 495625
Trial Attorneys
Federal Programs Branch
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue NW, Room 7220
Washington, DC  20530

---

[1] Pursuant to Local Rule 7(m), undersigned counsel conferred with counsel for Plaintiffs
regarding the relief sought in this motion.  Plaintiffs oppose the relief sought in this motion.
Pursuant to the request of Plaintiffs' counsel, undersigned counsel is attaching to this filing the
record of the parties' conferral.  *See* Ex. 1 (February 17, 2012 email from Charles Tobin).

Telephone:  (202) 514-3481
Fax:  (202) 616-8470
Email:  lesley.farby@usdoj.gov

*Counsel for Defendant Federal Bureau of*
*Investigation*

Dated:  February 21, 2012

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 21, 2012, a copy of the foregoing document was filed electronically via the Court's ECF system, through which a notice of the filing will be sent to all counsel of record.

s/ Lesley R. Farby
LESLEY R. FARBY