# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| MEMPHIS PUBLISHING COMPANY, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   Civil Action No. 10-1878 (ABJ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant Federal Bureau of Investigation's motion for a stay pending an appeal determination by the Solicitor General. [Dkt. # 35]. The motion arises in the following procedural context:

- On January 31, 2012, the Court entered its order granting plaintiff's motion to compel. [Dkt. # 31].

- The Order directed the FBI to process plaintiff's FOIA request and produce the responsive records and/or a Vaughn index identifying the grounds for any withholdings on or before March 16, 2012.

- On February 21, 2012, the FBI moved for reconsideration of that order. [Dkt. # 32].

- On March 2, 2012, the FBI moved the Court to stay its January 31, 2012 order until sixty days after its ruling on defendant's motion to reconsider the order. The government did not seek a stay pending appeal; it simply asked to be relieved of the obligation of

compliance with the Court's order while it took the time necessary to ponder whether to take an appeal at all, and the order itself was under review.

- On March 9, 2012, the Court issued a minute order vacating the March 16, 2012 deadline while it addressed the two pending motions.

- On April 4, 2012, the Court denied the motion for reconsideration.  [Dkt. # 38].

So what is before the court now is the FBI's request to stay its FOIA obligations until after June 4, 2012, so that the Solicitor General can consult with all of the necessary agency components and interested parties while evaluating the legal, factual, and policy issues that underlie the appeal decision.  The government points out that the Federal Rules of Appellate Procedure appreciate the complexities involved in such institutional decision making, and that therefore, they accord the United States sixty days from the date an order is issued to file an appeal.  *See* Fed. R. App. P. 4(a)(1)(B).[1]

Given that backdrop, the Court notes that at this point, the Solicitor General has already had sixty-five days to study the January 31, 2012 order and to conduct considerable consultation and deliberation.  The April 4, 2012 order denying the motion for reconsideration does not raise any significant new issues.  So, if the Court were to grant defendant's motion at this point, it would in effect be permitting the FBI to put its FOIA obligations on hold for 125 days, or a little more than four months, while the Solicitor General makes up his mind about an appeal.  This is

---

1   The Federal Rules of Appellate Procedure also provide that if a party files a timely motion under Fed. R. Civ. P. 59 or 60, the time to file an appeal runs from the date the motion to alter or amend the judgment is disposed of, and not the date of the original order.  *See* Fed. R. App. P. 4(a)(4)(A).  The appellate rules do not provide that a motion filed under Fed. R. Civ. P. 54(b) would have the same effect on the timing of the appeal.  *Id.*

an unreasonably long period of time, and the FBI does not invoke any rule of civil procedure in support of its request.

Rather, the defendant proffers the authorities that govern the adjudication of a request for a stay pending appeal. A stay or injunction pending appeal is an extraordinary remedy. *Cuomo v. U.S. Nuclear Regulatory Comm'n,* 772 F.2d 972, 978 (D.C. Cir. 1985). It is "an intrusion into the ordinary process of administration and judicial review . . . and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 129 S. Ct. 1749, 1757 (2009) (internal quotation marks and citation omitted). Instead, an injunction is an exercise of judicial discretion, and whether to grant it depends upon the specific circumstances of the case. *Id.* at 1760. The moving party bears the burden of justifying why the court should grant this extraordinary remedy, based upon a consideration of the following four factors:

> (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 1761 (internal quotation marks and citation omitted).

The analysis is even more complicated in this case because there is some question about whether the order compelling the creation of a Vaughn index is an appealable order in the first place. The government takes the position that the January 31, 2012 order is in the nature of an interlocutory order granting an injunction and therefore it is appealable under 28 U.S.C. §1292(a). Plaintiff has taken the position that it is not an appealable order and that defendant was required to seek the Court's certification of the question for appeal. The Court has solicited additional briefing on this difficult question, and it is of the view that those submissions will be

helpful in the resolution of motions that may well be filed in this matter if the Solicitor General elects to appeal.

But at this point, there is no motion for a stay pending appeal before the Court. Indeed, the Court does not yet know if the government is ultimately going to decide to appeal given the very unique factual, legal, and historical circumstances surrounding the case and the differences between this case and other situations pertaining to the confidentiality of informant relationships. And the Court does not know what position the United States will take on whether it will pursue an appeal under 28 U.S.C. §1292(a), or if it will seek certification under section 1292(b) within the appropriate time period after the ruling on reconsideration. So, the Court need not reach the question of whether the facts support the grant of a stay pending appeal, and it need not decide now whether the defendant has demonstrated that some serious, irreparable harm would result from the denial of immediate review. *See Ctr. for Nat. Sec. Studies v. C.I.A.,* 711 F.2d 409, 412 (D.C. Cir. 1983). The narrow question before the Court is whether the FBI needs to get started while the appeal clock is ticking, and if so, when. Given the amount of time that has already gone by, the Court concludes that the defendant is not entitled to wait for more than an additional thirty days before it must begin to comply with an order than is not the subject of either an appeal or a motion to certify. Therefore, to the extent that the motion for stay pending appeal determination by the Solicitor General was not rendered moot by the minute order of March 9, 2012, it is hereby DENIED.

This raises the secondary question of how much time the FBI will need to comply with the order granting the motion to compel. The January 31, 2012 order afforded the agency forty-five days. But in the *ex parte* declaration submitted in support of its motion for reconsideration, the FBI made it clear that it would seek an extension of time if the order was reaffirmed on

reconsideration.  The Court notes that there is no motion pending at this time, but it is not at all inclined to accept the sort of extended timetable laid out in the declaration.  It is now time for the agency to think through its position on the applicability of FOIA Exemption 7 and other threshold issues that will govern the complexity of the index and the scope and timing of any production.

Based upon all of the facts and circumstances set forth above, then, it is hereby ORDERED that defendant FBI must begin the internal processing of materials responsive to the plaintiff's FOIA request immediately if it has not already done so, and that plaintiffs and defendant must meet and confer and submit to the Court a proposed schedule for the production of responsive records and/or a Vaughn index on or before May 5, 2012.  The meet and confer may address such questions as whether it would be appropriate to utilize a sampling methodology for the index, or whether a rolling schedule for production is acceptable.  In any event, unless plaintiff agrees to a more extended timetable, the proposed schedule must provide for the transmission of either the first wave of responsive records or at least a partial index no later than May 15, 2012.

AMY BERMAN JACKSON
United States District Judge

DATE:  April 5, 2012