**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MEMPHIS PUBLISHING COMPANY and MARC PERRUSQUIA, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:10-CV-01878 (ABJ) <br><br> **ORAL ARGUMENT REQUESTED** |

**PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH THIS COURT'S ORDERS AND FOR SANCTIONS, AND FOR STAY OF SUMMARY JUDGMENT**

Pursuant to 5 U.S.C. § 552, and for the reasons set forth in the accompanying Memorandum of Law, Plaintiffs Memphis Publishing Company and Marc Perrusquia, through undersigned counsel, move for an order compelling Defendant the Federal Bureau of Investigation's full compliance with this Court's January 31 and April 4, 2012 Orders (DE 30, 31, and 38) within 30 days, imposing sanctions against the FBI for its blatant disregard for this Court's rulings and its FOIA obligations, and staying any summary judgment proceeding until the FBI has complied.

Dated: July 16, 2012

Respectfully Submitted,

**HOLLAND & KNIGHT LLP**

/s/ Charles D. Tobin
Charles D. Tobin #455593
Christine N. Walz #996643
Drew E. Shenkman #989900
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20006
Telephone: (202) 955-3000
Facsimile: (202) 955-5564
*Counsel for Plaintiffs Memphis*
*Publishing Company and Marc Perrusquia*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July, 2012, a true and correct copy of the foregoing was served on all parties of record via the Court's Electronic Case Filing system.

/s/Charles D. Tobin
Charles D. Tobin

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(M)

I hereby certify that on July 13-16, 2012, before filing this motion, I discussed the issues raised herein with opposing counsel in a good faith effort to determine whether there is any opposition to the relief sought and to narrow the areas of disagreement. Counsel for the FBI has advised that it opposes this motion.

/s/Charles D. Tobin
Charles D. Tobin

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MEMPHIS PUBLISHING COMPANY and<br>MARC PERRUSQUIA,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>FEDERAL BUREAU OF INVESTIGATION<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)　Case No. 1:10-CV-01878 (ABJ)<br>)<br>)<br>)<br>)　**ORAL ARGUMENT REQUESTED**<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH THIS COURT'S
ORDERS AND FOR SANCTIONS, AND FOR STAY OF SUMMARY JUDGMENT**

The Federal Bureau of Investigation ("FBI") has deliberately failed to comply with the Court's January 31 and April 4, 2012 Orders ("Orders") (DE 30, 31, and 38), which required the FBI to process <u>all</u> documents responsive to Plaintiffs' FOIA requests relating to Ernest Withers, including any of his confidential informant files, and to produce a Vaughn index[1] accounting for any documents withheld.  Plaintiffs Memphis Publishing Company and Marc Perrusquia ("Plaintiffs") ask this Court to compel the FBI's compliance with the Orders, impose sanctions against the FBI, and stay any summary judgment briefing until the FBI has accounted for all documents.

**PRELIMINARY STATEMENT**

The FBI's May 15, 2012 disclosure of 348 heavily-redacted pages (DE 44-3 and 44-4), and its July 2, 2012 Vaughn index (DE 44), violate this Court's clear and simple orders to review all documents responsive to Plaintiffs' FOIA request, and to release them or justify and account

---

[1] The FBI's Vaughn index is the Second Declaration of Dennis J. Argall ("Second Argall Decl.").  (DE 44).

for their continued withholding. The FBI refuses to comply, and continues to withhold and fails to account for numerous documents.

In particular, the FBI:

- has refused to tell Plaintiffs and the Court the total "volume" of documents related to Withers' service as a confidential informant (Second Argall Decl., DE 44-1 at ¶ 47);

- has refused to tell Plaintiffs and this Court the specific exemptions that it claims apply to those documents (*id.*);

- has limited the information disclosed to material related to Withers' "service as an FBI confidential informant" and his "status as an informant," (*id.* at ¶¶ 6 and 47) (emphasis supplied), even though Plaintiffs' FOIA request sought "all documents related to 'third party – Ernest Withers . . . '[who] doubled as an FBI informant." (Jan 31 Order, DE 30 at 3) (emphasis supplied) (citing prior FBI submissions). The FBI has clearly narrowed its processing to documents only acknowledging and reaffirming that Withers was an informant, but providing no other information; and

- will not provide any documents or information pertaining to Withers' informant role in investigations other than the "discrete set of information" previously revealed by the FBI (Second Argall Decl., DE 44-1 at ¶ 47), refusing to reveal documents relating his involvement in "other information or investigations" not previously released by the FBI (*id.* at ¶34).

The FBI's response flouts the unambiguous Orders requiring the FBI to "review the [confidential informant] file if it exists and then either produce the responsive documents or provide a Vaughn

2

index identifying the specific exemptions under which any responsive documents were withheld." (*Id.* at 23).[2]

Scores of documents are missing referring directly to Withers, his confidential-informant file number, and the information and documents he provided to the FBI. For example, many of the recently released pages refer to photos and handwritten reports or other materials neither produced nor accounted for in the Vaughn index. Similarly, a 1977 FBI FOIA response contains 89 additional documents—consisting of over 630 pages—not disclosed by the FBI here, but which reasonably should have been located in the confidential informant file. They include, for example, documents relating to surveillance of Dr. Martin Luther King, Jr., Muhammad Ali, Isaac Hayes, the Southern Christian Leadership Conference and the U.S. Civil Rights Commission. Moreover, the Vaughn index alludes to an untold cache of records not accounted for or disclosed, including background checks on Withers prior to his becoming an informant, evaluations of his performance as an informant, updates on Withers' activities as an informant, payments made to him, the discontinuation of Withers as an informant, and all of the substantive information provided by Withers to the FBI, including every single photograph he furnished the government. These missing documents underscore the incomplete and arbitrary search and processing of Plaintiffs' requests in response to the Courts' Orders.

In addition to full compliance with the Orders, the FBI's continued blatant disregard for the unequivocal rulings of the Court and its FOIA obligations warrants sanctions. At a minimum, Plaintiffs and this Court should have now been able to evaluate the FBI's withholdings on a page-by-page, exemption-by-exemption basis. The FBI instead continues to

---

[2] The Court reaffirmed its order in denying the FBI's request for reconsideration. (Apr. 4 Order, DE 38), and in denying the FBI's motion to stay effect of the order while it contemplated an appeal never taken. (Apr. 5 Order, DE 39).

block that critical step with its latest release and incomplete Vaughn index. Sanctions are therefore not only appropriate, they are essential.

Finally, the Court should stay any further summary judgment briefing until the FBI has fully complied with the Orders, and the Court should order full compliance within 30 days.

**ARGUMENT**

**I.   PLAINTIFF'S MOTION TO COMPEL SHOULD BE GRANTED BECAUSE THE FBI FAILED TO COMPLY WITH THIS COURT'S ORDERS.**

The Freedom of Information Act provides this Court with authority to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B). Pursuant to that authority, this Court's January 31, 2012 Order "directed the FBI to process [Plaintiffs'] FOIA request and produce the responsive records and/or a Vaughn index identifying the grounds for any withholding." (Apr. 5, 2012 Order Denying Motion to Stay, DE 39 at 1, citing Jan 31 Order). It further found that "if the FBI has relied on the (c)(2) exclusion to treat the records as outside the scope of FOIA, that exclusion is no longer available in this case," commanding the FBI to "review the [confidential informant] file if it exists and then either produce the responsive documents or provide a Vaughn index identifying the specific exemptions under which any responsive documents were withheld." (Jan. 31 Order, DE 30 at 23). Plaintiffs and the Court cannot reasonably be expected to evaluate the FBI's continued withholding of unknown quantities of documents. For the reasons set forth below, the FBI has failed to comply with this Court's simple and direct Orders, and Plaintiffs' Motion to Compel should be granted.

**A.   The FBI wrongly limited the scope of this Court's Orders and Plaintiffs' FOIA request.**

The FBI first evades compliance by unilaterally recasting this Court's Orders, and then by further constricting the scope of Plaintiffs' FOIA request. Despite the Court's unmistakable

4

Order "direct[ing] the FBI to process plaintiff's FOIA request and produce the responsive documents and/or a Vaughn index identifying the grounds for any withholdings" (DE 39 at 1), the FBI limited its review to only those documents relating to Withers' "<u>service</u> as an FBI confidential informant" and his "<u>status</u> as an informant" (Second Argall Decl., DE 44-1 at ¶¶ 6 and 47) (emphasis supplied), even though Plaintiffs' FOIA request sought "<u>all</u> documents related to 'third party – Ernest Withers . . . '[who] doubled as an FBI informant." (Jan 31 Order, DE 30 at 3) (emphasis supplied) (citing prior FBI submissions). The Court clearly expected the FBI to do more than process and account for only those documents that acknowledge and reaffirm that Withers was an informant.

The FBI then limited that set of documents even further, accounting only for those which "revealed Withers' informant status [] <u>with respect to a discrete set of information</u>" previously disclosed by the FBI, (*id.* at 23) (emphasis supplied), refusing to reveal documents relating his involvement in "other information or investigations" not previously released by the FBI (*id.* at ¶34). The FBI's limitation of its search in this manner defies this Court's Order commanding the FBI to process <u>all</u> documents in light of the fact that "Withers' status as a confidential informant has been officially confirmed." (DE 30 at 24). When the Court ordered the FBI to "process Plaintiffs' FOIA request," it clearly meant <u>all</u> of that request, not just the part related to "a discrete set of information" found in the FBI's prior disclosures.

The FBI compounds its strained recasting of the Court's Orders by narrowly reading Plaintiffs' broad FOIA request. As this Court found—based upon the FBI's own prior submissions—Plaintiffs' FOIA request sought "all documents related to 'third party – Ernest Withers . . . '[who] doubled as an FBI informant." (Jan 31 Order, DE 30 at 3) (citing First Argall Decl.). In other words, Plaintiffs requested <u>all</u> documents relating to Ernest Withers, including

5

but not limited to, his confidential informant files. (*See also* Declaration of Marc Perrusquia, DE 9-2 at ¶¶ 5-9) (explaining history of FOIA request)). The FBI's reinterpretation the scope of Plaintiffs' request as one seeking documents only "relating to Ernest Withers' <u>service</u> as an FBI confidential informant" or his "<u>status</u> as an informant" (Second Argall Decl., DE 44-1 at ¶¶ 6 and 11) (emphasis added)—and excluding those relating to his involvement in "other information or investigations" not previously released by the FBI (*id.* at ¶34)—is therefore plainly incorrect and violates the Court's Orders.

Plaintiffs broadly requested <u>all</u> records relating to Ernest Withers, including those found in all of his confidential informant files, and not simply those limited to his "service" or "status" as a confidential informant. Plaintiffs' FOIA request sought far more than an up-or-down acknowledgement of whether Withers was a confidential informant. Plaintiffs seek to learn the full scope of Withers' reports to the FBI during a monumental era in American history and a dismal episode in our Government's performance. (*See* Theoharis Decl., DE 9-11 at ¶¶ 8-10) (describing FBI's investigations of civil rights leaders and organizations used to harass, discredit, and disrupt, rather than for legitimate law enforcement purposes).

**B.  The FBI clearly omitted numerous documents from its May 15 release, including those regarding Withers from prior FBI FOIA releases.**

In reviewing the FBI's May 15, 2012 release of 348 pages—involving approximately 55 discrete documents dated between 1968 and 1971 (Second Perrusquia Decl. at ¶ 16, attached as <u>Exhibit 1</u>)—Plaintiffs have discovered numerous documents relating to Withers withheld without any justification or accounting. These missing documents demonstrate that the FBI has not conducted the detailed review that the Court has ordered, and strongly suggests that the informant files contain untold numbers of documents that have never been disclosed but, under the Court's Orders, should be. For example, many of the redacted documents make internal

cross-references to other documents not provided or otherwise accounted for in the Vaughn index, including:

- The "recent furnishing of information" provided by Withers to the FBI as referenced in a February 7, 1961 memorandum recommending that "Withers be considered as a PCI" or "potential confidential informant." (Second Perrusquia Decl. at ¶ 12(a), FBI-Withers-894)[3];

- A "Recommendation" attached to a May 21, 1965 routing slip to the FBI Memphis FBI Field Office which was marked "for appropriate action" and directed the office to "see changes under 'Recommendation', page one." (*Id*. at ¶ 12(b), FBI-Withers-920);

- Another unidentified enclosure attached to a November 1, 1974 routing slip to the Memphis FBI Field Office marked "for appropriate action." (*Id.* at ¶ 12(c), FBI-Withers-1037);

- Withers' evidently signed "written reports" and furnished "bulky material and exhibits" to the FBI, as referenced in the October 27, 1972 memorandum reminding agents assigned to Withers that all pages of any written informant statements must be signed, and that any bulky materials and exhibits provided must be properly filed "in the main substantive case file, and only the original of the channelizing memo indicating where the material is filed should be filed in the informant's sub file." (*Id.* at ¶ 12(d), FBI-Withers-1036).

Similarly, numerous pages released from Withers' informant file reference photos given to the FBI, yet not one photograph has been disclosed or accounted for in this lawsuit, including:

- Two photographs of "Rosetta Miller, Clerk, U.S. Civil Rights Commission Office" taken in February 1968, which were "retained in the 1A Section of 157-1067." (Id. at ¶ 13(a), FBI-Withers-1099);

- "Copies of 8x10 photographs taken back in June 1968 of five self-admitted Invaders and Black Organizing Project (BOP) leaders . . . Murrell McCollough, Larry Larue Davis, Arthur 'Doc' Norwood, Verdell Brooks, James Elmore Phillips." (Id. at ¶ 13(b), FBI-Withers-1119);

- An unknown number of "up-to-date photographs of [Rueben N. Watts aka Peter Rabbit] taken 10/2/68." (Id. at ¶ 13(c), FBI-Withers-1134);

- "14 photographs of Father Mahoney, Pastor of St. Patrick's Catholic Church . . . who along with Father William Greenspun and Father Charles Martin, allows Melvin [Smith] and some of the Invaders to use the facilities of this church." (Id. at ¶ 13(d), FBI-Withers-1195);

---

[3] As set forth in the accompanying declaration, reference to documents "FBI-Withers-(#)" refer to those documents released by the FBI on May 15, 2012, located in the Court's file at DE 43-3 and 44-4. (Second Perrusquia Decl. ¶6).

- "11 photographs of James Edward Mock," the "self-acclaimed leader of the Black Student Association" at Memphis State University during the spring of 1969. (Id. at 13(e), FBI-Withers-1195);

- "7 photographs of Wilbert James, Jr., aka T.C. . . . with the Invader Chairman Lance 'Sweet Willie Wine' Watson," and a photograph that was indicated to have also been taken in July 1969 depicting "James in his Afro garb with a large earring hanging from his right ear." (Id. at 13(f), FBI-Withers-1195);

- "Photographs taken [redacted] at the march sponsored by the Invader organization and led by Lance Watson on Saturday, 7/25/70." (Id. at ¶ 13(g), FBI-Withers-1218);

- Photograph of "Mary L. Campbell, Negro female, [who] is also running as a candidate for the Democratic Executive Committee, Position 2." (Id. ¶ 13(h), FBI-Withers-1219

- A photograph of an unknown individual taken October 10, 1969. (Id. at ¶ 13(i), FBI-Withers-1207).

In addition to the missing documents referenced above, 89 additional documents have been located by Plaintiffs' within a 1977 FBI FOIA release that refer to Withers or his confidential-informant file numbers, but were not among the documents that the FBI released on May 15, 2012 and are not discussed at all in the Vaughn index here.

The 89 missing documents—totaling 634 pages—were previously released by the FBI in 1977 in response to FOIA requests regarding the 1968 Memphis Sanitation Workers Strike, and the Invaders, a black power group. (Second Perrusquia Decl. at ¶ 7). As many as 83 of those documents indicate that they were copied to Withers' 170-70 or 170-70-Sub[4] files as indicated on the "copy" lines of the face of the documents themselves. (Second Perrusquia Decl. at ¶¶ 7-8). Plaintiffs do not point out these missing documents just so that the FBI will re-release them—which the FBI of course should do—but instead because they demonstrate the FBI's failure to conduct a careful review, revealing the arbitrary nature of the FBI's decisions regarding what to release and what to withhold, and underscoring the need for the detailed review and page-by-page accounting the Court ordered.

---

[4] "170-70" and "170-70-Sub" are some of the confidential informant file numbers the FBI used to track Withers' activities. (See First Perrusquia Decl., DE 9-2 at ¶¶ 16-18). He was also identified by his source symbol number "ME-388R." Id. These numbers routinely appear at the bottom of the first page of each document inserted into a file indicating that a copy of the material was placed in that file. (See Theoharis Decl., DE 9-11 at ¶¶ 6, 11-13).

8

The 1977 documents refer to some of the most celebrated figures of the period—Dr. Martin Luther King Jr., Muhammad Ali, singers Isaac Hayes and Aretha Franklin. They were copied to Withers' file, yet the FBI has refused to disclose them here. (Second Perrusquia Decl. at ¶¶ 9(a)-(d)). They include at least 10 records reporting on Dr. King's activities in Memphis, including his meetings with his staff and other community leaders. (*See id*. at ¶ 9(a)). The 1977 documents also include domestic intelligence reports on local Memphis figures, too, including militant Lance "Sweet Willie Wine'" Watson, Church of God in Christ Bishop G.E. Patterson, Tennessee Council on Human Relations deputy director Gerald Fanion, and federal employee Rosetta Miller employed by the U.S. Civil Rights Commission in Memphis. (Second Perrusquia Decl. at ¶¶ 10(a)-(d)).

Still others refer to countless photos taken by Withers not disclosed by the FBI here, (Second Perrusquia Decl. at ¶ 11), including a reference to this well-circulated 1968 Withers photo taken in front of Memphis City Hall depicting Black Organizing Project members protesting the lack of turnkey housing projects in Memphis' black community:



9

(Second Perrusquia Decl. at ¶ 11). This photograph was just one of many referenced within the 1977 documents, yet not accounted for by the FBI here. In conjunction with photos referenced in the records released in May 2012 from Withers' informant file, it is reasonable to infer that this photo and scores like it were copied to Withers' informant files, and should have been accounted for here. *See id.*

### C. The FBI's Vaughn index violates the Court's Orders by hiding the volume and scope of the documents being withheld.

In addition to improperly narrowing the scope of the Court's Orders and Plaintiffs' FOIA request, and the scores of missing and unaccounted for documents, the FBI's Vaughn index also violates the Court's directives by refusing to identify the volume and scope of documents withheld. Standard procedure in FOIA litigation compels an agency to produce a Vaughn index justifying the appropriateness of the government's redactions and withholdings. *See Vaughn v. Rosen*, 484 F.2d 820, 827-28 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). This Court ordered the FBI to produce such an index here. (DE 30 at 23).

In doing so, an agency must make a "relatively detailed justification specifically identifying the reasons why a particular exemption is relevant and correlate those claims with the particular part of a withheld document to which they apply." *Mead Data Cent., Inc. v. U.S. Dep't of Air Force,* 566 F.2d 242, 251 (D.C.Cir.1977). The D.C. Circuit has held that:

> Broad, sweeping claims of privilege without reference to the withheld documents would impede judicial review and undermine the functions served by the Vaughn index requirement. The agency must therefore explain why the exemption applies to the document or type of document withheld and may not ignore the contents of the withheld documents.

*Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 147 (D.C. Cir. 2006) (citing *Campbell v. U.S. Dep't of Justice,* 164 F.3d 20, 30-31 (D.C. Cir.1998)). In other words, submissions lacking "language

suggesting that the [agency] tailored its response to a specific set of documents is wholly inadequate." *Campbell*, 164 F.3d at 30-31.

Moreover, "information such as the date, author or recipient of the document . . . often are necessary 'to enable the court and the opposing party to understand the withheld information in order to address the merits of the claimed exemptions.'" *Hussain v. Dept. of Homeland Sec.*, 674 F.Supp.2d 260, 267 (D.D.C. 2009) (citing *Judicial Watch*, 449 F.3d at 150.) But that information cannot be obtained when, as here, an agency makes a sweeping claim of privilege absent the identification of specific documents. Thus, without a complete Vaughn index, plaintiffs must blindly litigate—and the courts would blindly adjudicate—entitlement to the records, without knowing precisely what records are being withheld or why.

Here, the FBI's Vaughn index refuses to even acknowledge the total number of pages being withheld, claiming that "doing so could reveal the scope of Withers' possible informant activities." (Second Argall Decl. at ¶ 47). Without identifying the number of pages withheld by the FBI, the index is of little more than the "broad, sweeping claims of privilege" that impede judicial review and frustrates the basic functions of an index in FOIA cases. Similarly, the FBI's consistent redaction of the serial numbers of the documents released from Withers' confidential informant files further obfuscates the vast scope of documents being withheld from Plaintiffs and still unaccounted for in any way. (*See* Second Perrusquia Decl. at ¶ 14).

Also improper is the Vaughn index's listing of generic and overbroad categories of documents that have been withheld. For example, under the Vaughn index's invocation of the (b)(2) exemption, the FBI contends that it need not disclose any of the following broad types of documents:

> "(1) background information pertaining to Withers addresses, contact information, physical descriptions, employment history, and background searches conducted

11

regarding Withers to analyze his potential as an informant; (2) analysis of Withers' reliability as an informant; (3) administrative updates regarding Withers' activity level; (4) administrative requests for continued use or discontinuance of Withers as an informant; and (5) requests for authority to make payments to Withers, payment history and payment amounts."

(DE 44-1 at 7-8). Similarly, under the broad brush of exemption (b)(7)(D), the FBI refuses to provide any details as to numerous:

"memoranda, reports, agent notes, and/or forms containing information furnished by a confidential source; memoranda concerning the status of, justification for, and activities undertaken by a confidential source; notes, photos, newspaper articles and other material provided by a confidential source or relating to activities conducted as a confidential source; payment records pertaining to the scope and frequency of the activities of a confidential source; internal file numbers and file names that suggest the nature of the information upon which Withers or other source symbol numbered informants provided information on a confidential basis."

(DE 44-1 at 23). These wide-ranging categories of documents fail to provide this Court or the Plaintiffs with any of the necessary facts required to determine "why a particular exemption is relevant" and thus fail to "correlate those claims with the particular part of a withheld document to which they apply." *See Mead Data Cent.*, 566 F.2d at 251 (D.C.Cir.1977).

Plaintiffs have made every effort to ask for the relief sought here without the Court's intervention. After carefully considering the FBI's Vaughn index, Plaintiffs asked the FBI to confirm the volume of documents withheld, but it refused. *See* July 5, 2012 email chain, attached as <u>Exhibit 2</u>. Plaintiffs also asked the FBI to account for its mysterious citation to exemption (b)(2)—not invoked on the face of a single document produced to Plaintiffs—but the FBI declined to provide any further explanation. *See id.*

Accordingly, the FBI should be once again ordered to process under FOIA <u>all</u> of the documents requested by the Plaintiffs, and for <u>any</u> investigation in which Withers was involved,

12

and to revise its Vaughn index to account for <u>all</u> continued withholdings on a document-by-document basis.

## II. PLAINTIFFS SHOULD BE AWARDED SANCTIONS AGAINST THE FBI.

The FBI's contumacious conduct in defying this Court's Orders justifies an award of sanctions to Plaintiffs in the amount of their attorneys fees and costs in filing the instant motion, as well as in defending the wasteful motions that the FBI has filed over the last year in a clear effort to delay these proceedings. The Court has the inherent power to protect its integrity and to prevent abuses of the judicial process by holding those who violate its orders in contempt and awarding sanctions. *See Landmark Legal Foundation v. Environmental Protection Agency*, 272 F.Supp. 2d 70, 75 (D.D.C. 2003); *Cobell v. Babbitt*, 37 F.Supp. 2d 6, 9 (1999). As a predicate for a contempt sanction, two conditions must be present: (1) the existence of a clear and specific order of the Court; and (2) violation of that order by a party. *See Landmark Legal Foundation*, 272 F.Supp.2d at 75. Both of these conditions are present here, as the Court's Orders were clear and direct, and the FBI failed to comply with them.

Moreover, the Court also has the power to impose sanctions "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.,* 501 U.S. 32, (1991). Any party may show bad faith "by delaying or disrupting the litigation or hampering enforcement of a court order." *Hutto v. Finney,* 437 U.S. 678, 689 n. 14 (1978). Here, the FBI has spent the better part of a year delaying the Court's ability to review and accounting of Withers' complete confidential informant file. Whatever the motive for its refusal to comply with the Court's Orders, the FBI nonetheless has done so deliberately, must be punished, and Plaintiffs compensated.

Accordingly, Plaintiffs respectfully request that the FBI be ordered to pay to Plaintiffs' their reasonable attorney's fees and costs incurred in bringing this motion.

**III.   SUMMARY JUDGMENT BRIEFING SHOULD BE STAYED PENDING THE FBI'S FULL COMPLIANCE.**

Finally, because this Court and the Plaintiffs cannot adequately evaluate the reasonableness of withholding documents that are missing and unaccounted for, any summary judgment proceedings brought by the FBI should be stayed until the agency had fully complied with this Court's clear and direct orders. This request is consistent with the Court's decision at the August 2, 2011 motions hearings, which terminated then-pending summary judgment motions to allow the Court to focus on the discrete issue raised by Plaintiffs' Motion to Compel Vaughn Index. (*See* August 3, 2011 Minute Order). Plaintiffs request the same result here.

## CONCLUSION

For the foregoing reasons, Plaintiffs ask this Court to grant their Motion to Compel and for Sanctions, require the FBI within 30 days to process <u>all</u> documents responsive to Plaintiffs FOIA request and account for each page not disclosed in a revised Vaughn index, stay summary judgment, and grant any other relief as justice requires.

Dated:   July 16, 2012                                  Respectfully Submitted,

**HOLLAND & KNIGHT LLP**

/s/ Charles D. Tobin
Charles D. Tobin #455593
Christine N. Walz #996643
Drew E. Shenkman #989900
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20006
Telephone:  (202) 955-3000
Facsimile: (202) 955-5564

*Counsel for Plaintiffs*
*Memphis Publishing Company*
*and Marc Perrusquia*