**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MEMPHIS PUBLISHING COMPANY *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Civil Action No. 1:10cv01878 (ABJ) |
| v. | ) ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S MOTION FOR 30-DAY STAY PENDING**
**APPEAL DETERMINATION BY SOLICITOR GENERAL**

**INTRODUCTION**

On August 2, 2012, this Court issued a Minute Order granting in part and denying in part

Plaintiffs' Motion to Compel Compliance with the Court's Order and for Sanctions, and for Stay

of Summary Judgment.  The Court noted that, while it could "treat the motion as conceded under

LCvR 7(b) because the FBI failed to oppose the motion within 14 days," it was "address[ing] the

matter on the merits."  August 2, 2012 Minute Order.  Specifically, the Court held that the

*Vaughn* declaration produced by the FBI was insufficient because it "fails to provide any

descriptive information about the documents withheld in their entirety, including how many of

those there are."  *Id.*  The Court ordered the FBI to "file a *Vaughn* index that complies with the

Court's previous orders by August 16, 2012."  *Id.*  The FBI immediately moved on August 2,

2012 to vacate the Minute Order, noting that the Court had miscalculated the due date for

Defendant's response to Plaintiffs' Motion to Compel (by not adding the 3 additional days

provided by Fed. R. Civ. P. 6(d)), and stating that the FBI planned to address in its opposition to

Plaintiffs' Motion to Compel and in its Motion for Summary Judgment the substantive issues

1

that the Court reached in its Minute Order without the benefit of briefing by Defendant.  The

same day, August 2, 2012, the FBI filed its opposition to Plaintiffs' Motion to Compel and

separately filed a Motion for Summary Judgment, explaining that its search for responsive

records was adequate, that the FBI properly withheld information pursuant to applicable FOIA

Exemptions, including Exemptions 2, 6, 7(C) and 7(D), and that the FBI adequately explained

the basis for its claims of exemption in its detailed *Vaughn* declaration.  The FBI's motion to

vacate is fully briefed and remains pending.

In the event the Court declines to vacate its August 2, 2012 Minute Order, Defendant

respectfully requests that the Court stay the August 16, 2012 production deadline for 30 days to

preserve the status quo pending a determination by the Solicitor General as to whether an appeal

should be taken.  The Court's August 2 Order requiring the FBI to produce a *Vaughn* index that

discloses additional descriptive information about the documents withheld, including the volume

of such records, is a substantive decision rejecting one of the FBI's claims of exemption.  A stay

is necessary to avoid the irreparable harm that would result if the government is forced to make

such a disclosure before it has had the opportunity to consider its appellate rights.

## ARGUMENT

### A STAY IS WARRANTED TO AFFORD THE SOLICITOR GENERAL AN OPPORTUNITY TO CONSIDER APPEAL

"Particularly in the FOIA context, courts have routinely issued stays where the release of

documents would moot a defendant's right to appeal." *People for the Am. Way Found. v. U.S.*

*Dep't of Education*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007) (collecting cases).  The propriety of

a stay pending appellate review turns on "(1) the likelihood that the party seeking the stay will

prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably

harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and

(4) the public interest in granting the stay." *Cuomo v. Nuclear Regulatory Comm'n*, 772 F.2d

972, 974 (D.C. Cir. 1985) (citing *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559

F.2d 841, 843 (D.C. Cir. 1977)).  "These factors are typically evaluated on a sliding scale, and a

strong showing of one factor may excuse a relatively weaker showing on another."  *Baker v.*

*Socialist People's Libyan Arab Jamahirya*, 810 F. Supp. 2d 90, 97 (D.D.C. 2011).  The most

important of the four factors are the likelihood of success on the merits and the likelihood of

irreparable harm absent a stay.  *Id.*  As this Court has recognized, the moving party may make a

"strong showing" on one of the two factors and only "some showing" on the other.  *Nat'l Ass'n*

*of Mfrs. v. Nat'l Labor Relations Bd.*, No. 11-cv-01629, 2011 WL 1929889, at * 1 (D.D.C. Mar.

7, 2012) (Jackson, J.).  Where the movant has established substantial irreparable harm and the

balance of harms weighs heavily in its favor, it need only raise "serious legal questions going to

the merits" to obtain a stay pending appeal.  *Population Inst. v. McPherson*, 797 F.2d 1062, 1078

(D.C. Cir. 1986) (quoting *Wash. Metro. Area Transit Comm'n*, 559 F.2d at 844); *see also*

*Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) (where "the denial of a stay

will utterly destroy the status quo, irreparably harming appellants, but the granting of a stay will

cause relatively slight harm to appellee, appellants need not show an absolute probability of

success in order to be entitled to a stay").  Under these standards, a stay pending appeal is

warranted in this case.

Defendant requests a 30-day stay in order to allow the government to engage in a

deliberate consideration of its appellate options.  The Federal Rules of Appellate Procedure give

the United States 60 days from the date an order is issued to file a notice of appeal, rather than

the 30 days afforded in suits between private parties.  *See* Fed. R. App. P. 4(a)(1)(B).  The rule

recognizes that the "government's institutional decisionmaking practices require more time to

decide whether to appeal . . . ."  *U.S. ex rel. Eisenstein v. City of New York*, 540 F.3d 94, 99 (2d

Cir. 2008), *aff'd*, 556 U.S. 928 (2009).  Nevertheless, the government is prepared to act

expeditiously to reach a decision regarding appeal within 30 days, and will promptly notify the

Court of any Solicitor General authorization to appeal.

Federal law requires a decision by the Solicitor General, "in consultation with each

agency or official concerned," to "[d]etermin[e] whether, and to what extent, appeals will be

taken by the government."  28 C.F.R. § 0.20(b).  A 30-day stay (if the Court does not vacate its

August 2, 2012 Minute Order) would give the Solicitor General time to consult with the agency

components involved in this case to determine whether to appeal the Court's order.  The existing

August 16, 2012 deadline gives the Solicitor General far less than the 60 days provided by the

Federal Rules, or even the 30 days the government is seeking in this motion.  The consultation

and deliberation required simply cannot be completed in that compressed time frame.

There can be no dispute that Defendant satisfies each of the stay factors.  First, the

government would be irreparably harmed if a stay is denied.  Production of a *Vaughn* index

identifying the volume of informant records withheld, as well as additional descriptive

information contemplated by the Court in its order, would deprive the FBI of a meaningful

opportunity to contest on appeal this Court's determination that this information is not exempt

under Exemption 7(D).  *See People for the Am. Way Found.*, 518 F. Supp. 2d at 177 (stay

necessary "to avoid irreparable injury to [the government] by having to release documents prior

to having the opportunity to seek meaningful appellate review"); *Providence Journal Co.*, 595

F.2d at 890 (concluding that irreparable harm exists where the failure to enter a stay will

irrevocably destroy the status quo); *see also In re Papandreou*, 139 F.3d 247, 251 (D.C. Cir.

1998) ("Disclosure followed by appeal after final judgment is obviously not adequate" where

"the cat is out of the bag."). Once the FBI produces a *Vaughn* index identifying the volume of records, any possible appeal of the question of whether this information is exempt is moot and the status quo can never be restored. Therefore, this Court's Order would "have a serious, perhaps irreparable consequence, and . . . can be effectually challenged only by immediate appeal." *Center for Nat'l Sec. Studies v. Cent. Intelligence Agency*, 711 F.2d 409, 413 (D.C. Cir. 1983) (quotations omitted); *accord Salazar v. Dist. of Columbia*, 617 F.3d 1258, 1262 (D.C. Cir. 2012). The order is thus comparable to an order granting or denying preliminary injunctive relief, which is immediately appealable under 28 U.S.C. § 1292(a)(1).

Second, because of the clear irreparable harm to defendants in FOIA cases such as this one, courts do not require defendants to show a strong likelihood of success on the merits. Instead, the FBI need only show that its position has "potential merit." *Providence Journal*, 595 F.2d at 890. There is no question that this case raises "serious legal questions going to the merits." *Population Inst.*, 797 F.2d at 1078. In any event, as explained in the FBI's summary judgment motion, the FBI has a strong likelihood of success on its exemption claim. It is well settled that agencies are "not required to provide so much detail [in the *Vaughn* index] that the exempt material would be effectively disclosed." *Johnson v. Exec. Office for U.S. Att'ys*, 310 F.3d 771, 777 (D.C. Cir. 2002). Furthermore, an agency may continue to invoke Exemption 7(D) even after a source has been revealed publicly because "the concept of 'waiver' does not apply to the FOIA Exemption 7(D)." *Parker v. Dep't of Justice*, 934 F.2d 375, 379-81 (D.C. Cir. 1991) (relying on *Irons v. Fed. Bureau of Investigation*, 880 F.2d 1448 (1st Cir. 1989)); *Radowich v. U.S. Att'y*, 658 F.2d 957, 960 (4th Cir. 1981) (law enforcement agency need not disclose "information that might disclose the identity of [a] confidential source" even though it is already publicly known). The total volume of informant records reveals substantive information

about a source's activities that fall within the ambit of Exemption 7(D), even if the source has already been publicly identified as a confidential informant. For example, revealing that a source generated a large number of records beyond those already known suggests that he may have provided information on topics of a greater substantive span than previously disclosed; conversely, revealing that a source generated few records beyond those already known suggests that his work may have been substantively limited to that already disclosed. Although this Court has declined to consider the FBI's argument that the volume of informant records is exempt information, the agency should have the opportunity to present its argument on the merits of its exemption claim to the Court of Appeals before it is forced to disclose this information.

Finally, the balance of harms in allowing the government 30 days to consider its appellate rights favors the government. A 30-day stay would not substantially harm Plaintiffs or the public interest. Plaintiffs have already received an extensive *Vaughn* declaration describing the information withheld and the basis for withholding it. Plaintiffs have not explained how knowing the volume of records withheld will allow them or the Court to evaluate the FBI's exemption claims. Should the government decide not to appeal, the most that Plaintiffs or the public interest would suffer is a 30-day delay of the production of an additional *Vaughn* index identifying the volume of records withheld.

## CONCLUSION

For the foregoing reasons, if the Court declines to vacate its August 2, 2012 Minute Order, the Court should grant Defendant's motion for a 30-day stay.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO

Deputy Director
Federal Programs Branch

s/ Lesley R. Farby
WENDY M. DOTY, DC Bar No. 490228
LESLEY R. FARBY, DC Bar No. 495625
Trial Attorneys
Federal Programs Branch
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue NW, Room 7220
Washington, DC  20530
Telephone:  (202) 514-3481
Fax:  (202) 616-8470
Email:  lesley.farby@usdoj.gov

*Counsel for Defendant Federal Bureau of
Investigation*

Dated:  August 9, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2012, a copy of the foregoing document was filed

electronically via the Court's ECF system, through which a notice of the filing will be sent to all

counsel of record.

s/ Lesley R. Farby

LESLEY R. FARBY

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(m)

I hereby certify that, pursuant to Local Rule 7(m), I conferred with counsel for Plaintiffs

regarding the relief sought in this motion.  Plaintiffs oppose Defendant's motion for a stay.

s/ Lesley R. Farby

LESLEY R. FARBY
