# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MEMPHIS PUBLISHING COMPANY, *et al.*, | ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | Civil Action No. 10-1878 (ABJ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) ) ) ) |  |
| Defendant. | ) ) |  |

## ORDER

The circumstances that give rise to this FOIA case are set out fully in the Court's January 31, 2012 Memorandum Opinion granting the plaintiff's motion to compel production of a Vaughn index. *See* Mem. Op. (Jan. 31, 2012) [Dkt. # 30]. And all of these circumstances bear on the instant motions – including, specifically, the fact that: the requested records are contained in confidential informant files that are approximately fifty years old; the informant is deceased and his identity is known; the informant's status as a confidential informant has been officially confirmed by the FBI; the documents sought do not relate to any ongoing law enforcement investigation; and it is not at all obvious that the records were compiled for legitimate law enforcement purposes in the first place. *See* Senate Select Comm. to Study Governmental Operations with respect to Intelligence Activities, Final Report, Book III, "Dr. Martin Luther King, Jr., Case Study," S. REP. No. 94-755 (1976) ("S. Report"). Thus, the concerns that underlie the statutory FOIA exemptions are substantially reduced if not completely absent in this case, which, it must be underscored, is entirely unique. For all of those reasons, and for the

grounds set forth in its Memorandum Opinion on January 31, the Court ordered the FBI to "review the [confidential informant] file if it exists and then either produce the responsive documents or provide a Vaughn index identifying the specific exemptions under which any responsive documents have been withheld." Mem. Op. (Jan. 31, 2012) at 23.

The FBI filed a declaration from Dennis J. Argall as its the Vaughn index on July 2, 2012. [Dkt. # 44]. Taking the position that the Vaughn index was inadequate and failed to comply with the Court's previous Orders, plaintiffs filed a motion on July 16, 2012, to compel compliance with the Court's Orders and for sanctions, and for a stay of summary judgment. [Dkt. # 46]. On August 2, 2012, the Court issued the following minute order granting in part and denying in part plaintiff's motion:

> While the Court could treat the motion as conceded under LCvR 7(b) because the FBI failed to oppose the motion within 14 days, it will address the matter on the merits. The Court finds that the FBI's Second Argall Declaration which serves as its Vaughn index [Dkt. # 44-1] fails to comply with the Court's January 31 and April 4, 2012 Orders . . . . The declaration is insufficient because it fails to provide any descriptive information about the documents withheld in their entirety, including how many of those there are. It fails to identify which specific exemptions the FBI relies on for each document that is being withheld. The FBI is ordered to file a Vaughn index that complies with the Court's previous orders by August 16, 2012. The Court denies the motion to compel with respect to the arguments advanced by plaintiffs concerning the adequacy of the search and the applicability of the claimed exemptions because they are more appropriately considered at summary judgment. The Court denies the request for sanctions at this time, and it notes that there is no need to stay summary judgment briefing since there is no briefing schedule in place. The parties are ordered to submit a non-argumentative joint proposed schedule for summary judgment briefing on August 16, 2012.

Minute Order, August 2, 2012.[1]  Within hours of that ruling, the FBI filed a motion to vacate the Court's Order on the motion to compel [Dkt. # 47], as well as a memorandum in opposition to the motion to compel [Dkt. # 48], and a motion for summary judgment [Dkt. # 49].  The FBI's primary position is that the Vaughn index is adequate because FOIA Exemption 7(D) allows withholding of information that "would identify the scope of Withers' service as an informant, including the volume of pages withheld in their entirety."  FBI's Mem. in Support of its Mot. for Summ. J. ("FBI's Mem.") [Dkt. # 49-1] at 37.  The FBI also submitted an *in camera, ex parte* declaration in support of its position. [Dkt. # 51].

While the motion for summary judgment is not before the Court for decision, it is important to point out that the necessary predicate for the availability of any of the exemptions under 5 U.S.C. §552(b)(7) is that the records were "compiled for law enforcement purposes." *See Roth v. DOJ,* 642 F. 3d 1161, 1173 (D.C. Cir. 2011) ("Exemption 7(C) would have no applicability to information obtained in an illicit intelligence-gathering operation lacking any rational nexus to the FBI's law enforcement duties.").  And, pursuant to the statute, even those documents are only exempt "to the extent that the[ir] production . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, [or] (D) could reasonably be expected to disclose the identity of a confidential source . . . and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source . . . . " 5 U.S.C. §552(b)(7)(C),(D).  The availability of Exemption 7(C) turns not only upon the existence of a privacy interest, but also

---

1   The Court notes that its Order on the motion to compel was not based on the timeliness of the FBI's opposition; rather, the ruling was premised on the Court's conclusion that the Vaughn index was insufficient.

upon the outcome of the balance of that interest against the public interest in disclosure. *Beck v. DOJ*, 997 F.2d 1489, 1491 (D.C. Cir. 1993). These principles will be applied in a highly unusual context: the nature, purpose, methods, and scope of the particular FBI investigation at the heart of this case have already been laid bare to the public in excruciating detail. *See* S. Report. Indeed, they have been a matter of public record for at least thirty-five years. *See In re Kutler*, 800 F. Supp. 2d 42, 50 (D.D.C. 2011) ("The special circumstances presented here – namely, undisputed historical interest in the requested records – far outweigh the need to maintain the secrecy of the records.")

With all of that in mind, after reviewing the *in camera* declaration and the FBI's multiple filings, the Court is still not persuaded that the Vaughn index is adequate. In its pleadings, the FBI recites general principles of FOIA law, such as: "[t]here is no set format for a [Vaughn] index," FBI's Mem. at 16 (internal citation and quotations marks omitted) (alterations in original), and "the D.C. Circuit focus[es] on the functions of the Vaughn index, not the length of the document descriptions . . . ," *id.* (internal citation and quotation marks omitted). But the Court did not issue the Minute Order on the grounds that a declaration is not a proper format for a Vaughn index or that the descriptions in the proffered index were not long enough. The Court's concern was that the description of the withheld documents was non-existent. Nothing that has been provided to the Court supports the FBI's self-serving introductory assertion that the "detailed Vaughn declaration describes all withheld information and explains the basis for withholding exempt information[.]" *Id.* In the Court's view, the declaration does not "describe" the information at all, and it offers only broad explanations for the withholding of a wide swath of material of unidentified nature and scope. Even if agencies "are not required to provide so much detail . . . that the exempt material would be effectively disclosed," *id*. at 17, quoting

4

*Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002), we have not yet come close to running that risk.

It is true that the question of whether the law enforcement exemption applies to information in the requested file is something that the Court will have to take up on summary judgment and not as part of the motion to compel. But what the Court's review of the declaration makes clear is that the FBI can and should provide more information than it has as part of its Vaughn index. There is no basis for withholding the actual number of withheld pages, and the agency must categorize the various chunks of records in a way that will enable the plaintiff to participate in briefing the key questions and assist the Court in ruling on the availability of the claimed exemptions. For instance, the defendant could state: "pages 1 to 300 relate to a criminal investigation other than the civil rights movement and are withheld under Exemption 7(C)" or that "pages 300 to 600 relate to the civil rights movement and are withheld under Exemption 6." If, hypothetically, the withheld files include certain pages concerning crimes perpetrated against members of the civil rights movement, that could be a different category. Date ranges should be also provided, as well as general descriptors such as, for example, "agents' debriefing notes" or "photographs." Given the publicly available information about what the FBI was doing at particular time periods, *see* S. Report, the date ranges will be of significance in determining whether particular sets of records can be withheld under Exemption 7 or not.

The Court is sensitive to the FBI's concern, though, that there is potentially some overlap between the arguments concerning the Vaughn index and the availability of the exemptions. But as the index currently stands, there is simply not enough information to allow plaintiffs to respond to the motion for summary judgment in a meaningful way. The Court also has not been

5

given sufficient information to make reasoned rulings about which documents may be covered by the claimed exemption and which ones are not.  To balance those concerns, the Court orders that the new Vaughn index shall be produced only to plaintiffs and their counsel subject to a protective order until the Court has ruled on the motions for summary judgment.

The Court therefore denies the FBI's motion to vacate the order granting in part plaintiffs' motion to compel.  The Minute Order on August 2, 2012, directing the FBI to file a new Vaughn index stands, with the additional directive that it will be subject to a protective order.  The parties shall jointly submit a proposed protective order to the Court for its signature on or before August 24, 2012.

Defendant has also moved to stay the effective date of the order so that the Solicitor General can consider whether or not to file an interlocutory appeal.  The Court will deny the motion to stay, but it will extend the date for the production of the index until Thursday, September 27, 2012, which will provide the government with ample time to both consider and comply with the order.  Since the FBI has already filed its motion for summary judgment, the portion of the Court's Order directing the parties to meet and confer and submit a briefing schedule is vacated, and plaintiffs will have thirty days from the filing of the new Vaughn index to file its opposition to the motion for summary judgment and any cross motion for summary judgment, supported by a single combined memorandum.  The FBI will have fourteen days for any combined reply and opposition to the cross motion for summary judgment.  Plaintiffs will then have fourteen days for a reply.  The parties are also directed to contact the Court's Deputy Clerk to schedule a status hearing on a mutually convenient date between now and September 14, 2012.

Accordingly, the FBI's motion to vacate order on the motion to compel [Dkt. # 47] is denied.  The FBI's motion to stay [Dkt. # 54] is also denied.

SO ORDERED.

/s/ Amy B. Jackson

AMY BERMAN JACKSON
United States District Judge

DATE:  August 13, 2012