**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| MEMPHIS PUBLISHING COMPANY *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )  Civil Action No. 1:10cv01878 (ABJ) ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S MOTION FOR RECONSIDERATION**

**INTRODUCTION**

Defendant Federal Bureau of Investigation ("FBI") hereby respectfully moves, pursuant to Federal Rule of Civil Procedure 54(b), for reconsideration of the Court's August 13, 2012 Order denying the FBI's Motion to Vacate and Motion to Stay.  The Court's Order directed disclosure of information to Plaintiffs and their counsel under a protective order.  However, the governing law is clear that a protective order is not a valid mechanism to restrict disclosure of information in a Freedom of Information Act ("FOIA") case.  Instead, the proper procedure is for the Court to review disputed information, where necessary, *in camera* and *ex parte*.  Consistent with that procedure, the FBI intends to submit additional information for *in camera* and *ex parte* review in the form of a more detailed *Vaughn* declaration.

The FBI's motions were filed in response to the Court's August 2, 2012 Minute Order, which granted Plaintiffs' Motion to Compel and directed the FBI to produce a revised *Vaughn* index to Plaintiffs no later than August 16, 2012.  The FBI's Motion to Vacate requested that the Court reconsider the August 2 Minute Order because the Court

1

entered it before the FBI had filed its opposition to the Motion to Compel.  *See* ECF No.

47.  The FBI also moved for a 30-day stay of the Minute Order pending an appeal

determination by the Solicitor General.  *See* ECF No. 54.

In its August 13 Order, the Court denied both of the FBI's motions but gave the

Bureau until September 27, 2012 to produce the revised *Vaughn*.  *See* Order, ECF No. 55,

at 6.  The Order also listed specific information that the Court indicated should be

included in the *Vaughn*, such as the volume of records withheld, information about the

investigation to which each document pertains, date ranges, and general descriptions for

each document such as "agents' debriefing notes" or "photographs."  *Id*. at 5.  At the

same time, the Court recognized that some of this information is potentially exempt under

FOIA and thus ordered that the *Vaughn* be produced pursuant to a protective order, to be

jointly submitted by the parties by August 24, 2012.  *Id*. at 5-6.

Under FOIA, however, a protective order is not a viable mechanism by which an

agency can restrict the release of information exempt from disclosure to certain persons

or entities, including, most importantly, the Plaintiffs in this case.  Instead, the FOIA

statute and governing case law expressly provide that a court may review disputed

information *in camera* and *ex parte* to determine the applicability of statutory exemptions

asserted by the defending agency.  The FBI therefore urges the Court to modify its

August 13 Order insofar as that Order requires the FBI to produce to Plaintiffs a revised

*Vaughn* pursuant to a protective order and requires the parties to jointly submit a

proposed protective order by August 24, 2012.  In the meantime, the FBI will compile

more detailed *Vaughn* index for *in camera* and *ex parte* submission by the September 27

deadline required by the Court's Order.[1]

## ARGUMENT

Rule 54(b) provides in relevant part that "any order or other decision, however

designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer

than all the parties . . . may be revised at any time before the entry of a judgment

adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P.

54(b).  This rule permits a district court to "revise its own interlocutory decisions at any

time before the entry of judgment . . . ."  *Elec. Privacy Info. Ctr. v. Dep't of Homeland*

*Sec.*, 811 F. Supp. 2d 216, 224 (D.D.C. 2011) (citation omitted).  The standard for

providing relief brought pursuant to a Rule 54(b) motion for reconsideration is "as justice

requires."  *Id.* (quoting *Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 1990)).  "As

justice requires" indicates concrete considerations of whether the court "has patently

misunderstood a party, has made a decision outside the adversarial issues presented to the

[c]ourt by the parties, has made an error not of reasoning, but of apprehension, or where a

controlling or significant change in the law or facts has occurred since the submission of

the issue to the court."  *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004) (citations

and internal brackets and quotation marks omitted).  These considerations leave a great

deal of room for the court's discretion, and ultimately the "as justice requires" standard

amounts to determining "whether [relief upon] reconsideration is necessary under the

relevant circumstances."  *Id.*

---

[1] Pursuant to Local Rule 7(m), undersigned counsel conferred with counsel for Plaintiffs regarding the relief sought in the instant motion, which Plaintiffs oppose.  At the request of Plaintiffs' counsel, undersigned counsel is attaching to this filing the record of the parties' conferral.  *See* Ex. 1 (August 17, 2012 email from Charles Tobin).

Reconsideration is fully warranted here.  The protective order contemplated by the Court is not a permissible method for the FBI to limit dissemination, and therefore protect from release, the very information that is exempt under FOIA.  As the Supreme Court has clearly explained, "[t]here is no mechanism under FOIA for a protective order allowing only the requester to see whether the information bears out his theory, or for proscribing general dissemination."  *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 174 (2004); *see also Stonehill v. IRS*, 558 F.3d 534, 538 (D.C. Cir. 2009) ("[W]hile information disclosed during discovery is limited to the parties and can be subject to protective orders against further disclosure, when a document must be disclosed under FOIA, it must be disclosed to the general public . . . .") (citing cases); *Owens v. U.S. Dep't of Justice*, Civil Action No. 04-14701 (JDB), 2007 WL 778980, at *5 (D.D.C. March 9, 2007) (Bates, J.) (noting that *Favish* "reaffirmed what has long been the law in the D.C. Circuit:  that, '[a]s a general rule, if the information is subject to disclosure, it belongs to all'" and that "the agency that releases the records has no power to limit the dissemination of those documents" (citation omitted)).  Consequently, when presented with a declaration or other document "disclosing information assertedly exempt from production under the FOIA," a district court "is limited to the stark choice of receiving it *ex parte* and *in camera*, or receiving it not at all."  *Arieff v. U.S. Dep't of Navy*, 712 F.2d 1462, 438 (D.C. Cir. 1983).

The impropriety of a protective order in FOIA cases is not limited to the underlying documents, but also applies to any information that would be protected under the statutory exemptions.  Thus, in *Arieff*, the D.C. Circuit upheld the *in camera* and *ex parte* review of an affidavit describing assertedly protected information, expressly

holding that district courts may consider such descriptive documents in that manner. *See* 712 F.2d at 1469-70. The court, moreover, rejected the argument that a protective order was a plausible method of restricting disclosure of the exempt information contained in the affidavit, declining to permit review of the affidavit by plaintiff's counsel and an expert. *Id.* Both holdings (which the D.C. Circuit has reiterated in both earlier case law and subsequent decisions) govern the outcome of this case, and counsel in favor of reconsideration here.

Given that a protective order is not available in a FOIA case as a mechanism to restrict disclosure of statutorily protected information, even to Plaintiffs or their counsel, the FBI is unable to fully comply with the Court's August 13 Order. The information identified by the Court—*i.e.*, the volume of records, information linking documents to specific investigations, date ranges, and general descriptors—concerns both the scope and the substance of Ernest C. Withers' possible informant activities and thus falls squarely within the ambit of Exemption 7(D). *See* Second Decl. of Dennis J. Argall, ECF No. 44-1, ¶ 47; Def.'s Mem. in Supp. of Its Mot. for Summ. J., ECF No. 49-1, at 37-38. Disclosure only to Plaintiffs in the limited context of a protective order would significantly compromise the FBI's ability to continue to protect the very information it seeks to withhold, since disclosure to one is a disclosure to all. *See Stonehill v. IRS*, 558 F.3d at 538 (further describing the differences between FOIA and non-FOIA civil litigation for purposes of issuing protective orders). Moreover, such disclosure carries all of the inherent risks that the FBI has previously disclosed in its declarations, including, but not limited to, the chilling effect on the activities and cooperation of future sources, and the ability for the FBI to maintain and cultivate a strong informant program. *See*

*generally* Second Argall Decl.  Just as the *Arieff* court rejected the argument that a protective order was a plausible method of restricting disclosure of the information contained in the agency affidavit, *see* 712 F.2d at 1469-70, permitting review of the FBI's declaration containing information exempt under FOIA by Plaintiffs in this case is equally inappropriate.

In an effort to comply with the Court's Order to the fullest extent possible, the FBI intends to submit a supplemental *Vaughn* declaration to the Court *in camera* and *ex parte* by September 27.  The FBI will further make every effort to include in that declaration the additional information about the withheld documents specified by the Court in its Order.

## CONCLUSION

For these reasons, the FBI is unable to fully comply with the Court's August 13 Order without forgoing its reliance on applicable FOIA exemptions.  As a result, the FBI respectfully requests that the Court reconsider its Order requiring the FBI to produce to Plaintiffs a revised *Vaughn* index pursuant to a protective order and requiring the parties to jointly submit a proposed protective order by August 24, 2012.


Dated:  August 17, 2012                     Respectfully submitted,

                                            TONY WEST
                                            Assistant Attorney General

                                            ELIZABETH J. SHAPIRO
                                            Deputy Director
                                            Federal Programs Branch

                                            s/ Nathan M. Swinton
                                            NATHAN M. SWINTON, NY Bar
                                            LESLEY R. FARBY, DC Bar No. 495625

Trial Attorneys
Federal Programs Branch
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue NW, Room 7206
Washington, DC  20530
Telephone:  (202) 305-7667
Fax:  (202) 616-8470
Email:  Nathan.M.Swinton@usdoj.gov

*Counsel for Defendant Federal Bureau of Investigation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 17, 2012 a copy of the foregoing document was filed electronically via the Court's ECF system, through which a notice of the filing will be sent to all counsel of record.

s/ Nathan M. Swinton
NATHAN M. SWINTON