IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEMPHIS PUBLISHING COMPANY and MARC PERRUSQUIA, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION <br><br> Defendant. | Case No. 1:10-CV-01878 (ABJ) |

## JOINT REPORT AND PROPOSED PROTECTIVE ORDERS

Pursuant to the Court's Order of August 13, 2012, Plaintiffs Memphis Publishing Company and Marc Perrusquia, and Defendant Federal Bureau of Investigation ("FBI") (collectively, "the parties"), jointly submit this report and proposed protective orders. Because the parties are unable to agree on the terms of a proposed protective order, they separately set forth their positions herein.

Plaintiffs:

Plaintiffs' position is that the Court is fully authorized to manage this case and its docket. As part of its case management, the Court may require that a *Vaughn* index be submitted under a protective order. Nothing in the Freedom of Information Act or the Federal Rules of Civil Procedure prohibits the use of a protective order in this context.

However, given the Court's previous rulings, Plaintiffs do not feel that a protective order is necessary. The Court has already said, based on its review of the FBI's *in camera* declaration, that there is no basis for withholding the actual number of withheld pages. Further, in its August 13, 2012 Order, the Court provided the FBI with specific directions on to how to craft a *Vaughn*

1

index that provides sufficient information to allow Plaintiffs to litigate the issues in a meaningful way without revealing information that may be subject to a FOIA exemption.

If the Court determines that a protective order is necessary, Plaintiffs have, consistent with the Court's August 13, 2012 Order, attached a proposed protective order as Exhibit A.

Defendant:

The Court has ordered the FBI to produce a revised *Vaughn* index by September 27, 2012, which includes the volume of records withheld, information about the investigation to which each document pertains, date ranges, and general descriptors. The FBI asserts that much of this information is itself exempt from disclosure under Exemption 7(D). Recognizing that "there is potentially some overlap between the arguments concerning the *Vaughn* index and the availability of the exemptions," August 13, 2012 Order at 5, the Court has further ordered that this revised *Vaughn* "shall be produced only to Plaintiffs and their counsel subject to a protective order until the Court has ruled on the motions for summary judgment." *Id.* at 6. As explained in Defendant's pending motion for reconsideration (Document 57, filed August 17, 2012), however, a protective order making information available to Plaintiffs and their counsel is not a valid mechanism to restrict disclosure of information in a Freedom of Information Act ("FOIA") case as it is tantamount to a general public disclosure. *See, e.g., Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 174 (2004) ("There is no mechanism under FOIA for a protective order allowing only the requester to see whether the information bears out his theory, or for proscribing general dissemination."); *Arieff v. U.S. Dep't of the Navy*, 712 F.2d 1462, 1470 (D.C. Cir. 1983) ("[W[hen an affidavit disclosing information assertedly exempt from production under the FOIA is proffered, we think that the district court . . . is limited to the stark choice of receiving it *ex parte* and *in camera*, or receiving it not at all."). A protective order along the

lines of the order Plaintiffs propose would fail to protect from public disclosure information that the FBI claims is exempt and would undermine the FBI's right to appeal the order to disclose FOIA-exempt information.[1]  The FBI is making every effort to comply with the Court's Order to the fullest extent possible.  Therefore, in accordance with controlling authority, and in order to preserve its ability to rely on applicable FOIA exemptions, Defendant proposes to submit to the Court, by September 27, 2012, an *in camera* and *ex parte* supplemental *Vaughn* declaration providing the information specified by the Court in its August 13, 2012 Order.  Defendant's proposed order is attached as Exhibit B.

Dated: August 24, 2012                                    Respectfully Submitted,

**HOLLAND & KNIGHT LLP**                         STUART F. DELERY
                                                                          Acting Assistant Attorney General

/s/ Charles D. Tobin
Charles D. Tobin #455593                              ELIZABETH J. SHAPIRO
Christine N. Walz #996643                             Deputy Director
Drew E. Shenkman #989900                          Federal Programs Branch
800 17th Street, N.W.
Suite 1100                                                       /s/ Lesley R. Farby
Washington, D.C. 20006                                WENDY M. DOTY, DC Bar No. 490228
Telephone:  (202) 955-3000                          LESLEY R. FARBY, DC Bar No. 495625
Facsimile: (202) 955-5564                             NATHAN M. SWINTON, NY Bar
                                                                         Trial Attorneys
*Counsel for Plaintiffs Memphis*                    Federal Programs Branch
*Publishing Company and Marc Perrusquia*  U.S. Department of Justice, Civil Division
                                                                         20 Massachusetts Avenue NW, Room 7220
                                                                         Washington, DC 20530
                                                                         Telephone: (202) 514-3481
                                                                         Fax: (202) 616-8470
                                                                         Email: lesley.farby@usdoj.gov

                                                                         *Counsel for Defendant Federal Bureau of*
                                                                         *Investigation*

---

[1]  The Solicitor General has authorized appeal of this Court's August 2, 2012 disclosure order.  The FBI intends to pursue an appeal in the event the Court denies the relief sought in Defendant's motion for reconsideration, and, in any event, no later than September 4, 2012, in order to give the Court of Appeals adequate time to consider a motion to stay the disclosure order.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2012, a copy of the foregoing document was filed electronically via the Court's ECF system, through which a notice of the filing will be sent to all counsel of record.

/s/ Charles D. Tobin