# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MEMPHIS PUBLISHING COMPANY and MARC PERRUSQUIA, <br><br>  Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION <br><br>  Defendant. | Case No. 1:10-CV-01878 (ABJ) |

**[PROPOSED] PROTECTIVE ORDER**

It is the ___ day of _____, 2012, ORDERED that:

1. The Federal Bureau of Investigation will produce a *Vaughn* index to Plaintiffs on or before September 27, 2012.

2. The *Vaughn* index shall be labeled with a legend that provides that "The use, disclosure, and/or publication of any confidential information in this document is restricted by the Protective Order in Case No. 1:10-CV-01878 (ABJ)."

3. The *Vaughn* index may be distributed only to the parties in this action and their counsel.

4. The *Vaughn* index and any confidential information contained in the Vaughn Index ("Protected Material") may be used solely for the purpose of this litigation and any related appellate proceedings, subject to modification by the Court.

5. The parties and counsel for the parties shall not disclose or permit the disclosure of Protected Material to any other person or entity, except that disclosure may be made in the following circumstances:

(a) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation of this litigation. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(b) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of this litigation.

(c) Disclosure may be made to court personnel and court reporters employed in connection with this litigation. Prior to this disclosure, such person must agree to be bound by the terms of this Order.

(d) Disclosure may be made to persons specifically engaged for the limited purpose of making photocopies of document. Prior to this disclosure, such person must agree to be bound by the terms of this Order.

(e) Disclosure may be made to consultants, investigators, or experts (collectively, "experts") selected by the parties or counsel for the parties to assist in the preparation of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the Protected Material be held in confidence. Experts shall use the Protected Material inspected, viewed, or copied by them only for purposes of preparation of this litigation.

6. All copies, duplicates, extracts, summaries or descriptions (collectively, "copies") of the *Vaughn* index shall be immediately affixed with the words "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER IN CASE NO. 1:10-CV-01878 (ABJ)."

7. To the extent that any Protected Material (or any pleading, motion or memorandum referring to it) are proposed to be filed or are filed with the Court, those materials, pleadings,

motions, or memoranda, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____," together with a simultaneous motion pursuant to LCvR. 5.1 (j). This sealing motion shall be governed by LCvR. 5.1 (j).

The party shall also electronically file a redacted copy of the pleading, motion or memorandum, or if the entire filing is subject to this Order, a notice that the filing has been made under seal.  The Clerk of the Court shall accept for filing under seal, and shall file under seal, any information so presented for filing, and shall maintain the material under seal pending any further order of the Court;  provided, however, that no further order shall be required for the Court, the Court's personnel, or Counsel of Record to have access to the material for purposes of this litigation.

8.    Except as provided in Paragraph 5, each person covered by this Protective Order shall take reasonable precaution to prevent disclosure of Protected Material, including but not limited to, physically securing, safeguarding, and restricting access to the Protected Material.

9.    This Protective Order shall remain in effect until the Court has ruled on the Parties' motions for summary judgment.

_____
Judge Amy Berman Jackson
United States